LAW LIBRARY

NO. 28584

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

STATE OF HAWAI‘I,
Respondent/Plaintiff-Appellee

vs.

ZACHARIAH I. FITZWATER,
Petitioner/Defendant-Appellant



K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI‘I

2010 APR -5 PM 1:00

FILED

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(HPD TRAFFIC NO. 1DTC-07-020562)

ORDER OF AMENDMENT
(By:  Acoba, J.)

The concurring and dissenting opinion by Acoba, J., appended to the opinion of the court filed on March 3, 2010, is amended as follows (deletions are bracketed and additions are double underscored):

**Lines 16-20 from the top of page 25:**  at [353-54] 412, 910 P.2d at [346-47] 725 [(stating that "an expert's assumption regarding the correct calibration of his measuring device" constitutes inadmissible hearsay and prosecution did not call the "manufacturer's service representative to testify to calibration of the balance")] (holding that "prosecution failed to lay a sound factual foundation that the . . . 'balance was accurate'" because there was "no reliable evidence showing [it] was in proper working order" where "[t]he service representative did not

testify at trial regarding his calibration of the balance").

The Clerk of the Court is directed to incorporate the foregoing changes in the original concurring and dissenting opinion by removing page 25 and replacing it with the page attached hereto and take all necessary steps to notify the publishing agencies of these changes.

DATED:  Honolulu, Hawai‘i, April 5, 2010.

Associate Justice

attenuation] chemical testing procedure"); Assaye, 121 Hawai'i at 213, 216 P.3d at 1236 (2009) (holding that no proper foundation was laid for admission of laser gun speed reading because the record did not indicate that "tests the [officer] testified to conducting [on the laser gun] were recommended procedures by the manufacturer for the purpose of showing that the laser gun was in fact operating properly"); Manewa 115 Hawai'i at 354, 167 P.3d at 347 (holding there was no proper foundation laid for the admission of drug weight because prosecution failed to establish that technician had any expertise in calibrating balance of drug scale or "that the balance had been properly calibrated by the manufacturer's service representatives" or "that there was an accepted manufacturer's established procedure for 'verify[ing] and validat[ing]' that the balance was in proper working order" and the technician followed the procedure); Wallace, 80 Hawai'i at 412, 910 P.2d at 725 (holding that "prosecution failed to lay a sound factual foundation that the . . . 'balance was accurate'" because there was "no reliable evidence showing [it] was in proper working order" where "[t]he service representative did not testify at trial regarding his calibration of the balance").

We have indicated, as to maintenance records, that the accuracy of the testing device may be established under the business records exception to the hearsay rule. Assaye, 121 Hawai'i at 214 n.8, 216 P.3d at 1237 n.8 (noting the absence of the speed check laser gun calibration logs and testimony by